**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAVE SHELDON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 07-2112-KHV** |
| **TARA KHANAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Dave Sheldon and Darren K. Kearns bring suit against defendants including Abu B. Athar, Winzone Realty, Inc. ("Winzone") and Julia S.C. Wong, alleging various state law causes of action. Plaintiffs mailed Athar a copy of the summons and complaint by United States Postal Service express mail to 20-37 46th Street, Astoria, NY 11105. See Return Of Service, attached as Exhibit 1 to Summons (Doc. #15-4) filed April 19, 2007. On March 16, 2007, Athar personally signed for the delivery. See Post Office Verification, attached as Exhibit 2 to Summons (Doc. #15-4). Plaintiffs mailed Winzone a copy of the summons and complaint by certified mail to "Winzone Realty, Inc., 45-72 Kissena Blvd., Flushing, NY 11355." See Return Of Service attached as Exhibit 1 to Summons (Doc. #23) filed April 21, 2007. On March 19, 2007, an unidentified person signed for the delivery. See id. Plaintiffs mailed a copy of the summons and complaint to Wong by certified mail to "Julie S.C. Wong, 45-72 Kissena Blvd., Flushing, NY 11355" – the same address used to serve Winzone. See Return Of Service attached as Exhibit 1 to Summons (Doc. #24) filed April 21, 2007. On March 21, 2007, an unidentified person refused the delivery. See Exhibit 2 attached to Summons (Doc. #24). On March 29, 2007, plaintiffs mailed a copy of the summons and complaint to Wong by first class mail. See Return Of

Service attached as Exhibit 1 to Summons (Doc. #24). That mail was not returned, but the record does not reveal the address to which plaintiffs mailed this copy of the summons and complaint.

Athar has not filed an answer or otherwise appeared in the action. Winzone and Wong did not file an answer, but they filed a joint motion to dismiss on May 14, 2007. See Motion For Dismissal Of The Summons And Complaint Pursuant To F.R.C.P. 4(e)(1) and 12(b)(2)(4) (Doc. #45). This matter comes before the Court on Plaintiffs' Motion For Default Judgment To The Clerk Of The Court With Memorandum In Support And Affidavit ("Plaintiffs' Motion For Default") (Doc. #51) filed May 31, 2007, which the Court construes as a motion for entry of default against Athar, Winzone and Wong, and Plaintiffs' Motion To Strike Defendants' Motion To Dismiss With Memorandum In Support/Response (Doc. #52) filed June 1, 2007. For reasons stated below, the Court sustains in part the motion for entry of default and overrules the motion to strike.

**I.   Plaintiffs' Motion For Entry of Default**

Plaintiffs request that the Court enter default judgment against Athar, Winzone and Wong pursuant to Fed. R. Civ. P. 55(a).[1] See Plaintiffs' Motion For Default (Doc. #51) at 3. Rule 55(a) provides for entry of default as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). While Rule 55(a) authorizes the Clerk to enter default, it does not authorize default judgment. In fact, Rule 55 mandates a two-step process by which plaintiffs first receive an entry

---

[1]   On July 6, 2007, Magistrate Judge David J. Waxse ordered plaintiffs to show good cause in writing why their claims against Athar should not be dismissed for lack of prosecution. See Notice And Order To Show Cause (Doc. #61). The Court finds that the motion for entry of default, which plaintiffs filed before Judge Waxse entered his order to show cause, is sufficient in this regard and finds that plaintiffs' claims against Athar should not be dismissed for failure to prosecute.

of default under Rule 55(a) and then apply for default judgment under Rule 55(b). Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995). Because plaintiffs may not proceed directly to default judgment before receiving an entry of default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes plaintiffs' motion as one for entry of default, rather than default judgment.

**A.     Abu B. Athar**

The record indicates that plaintiffs mailed Athar a copy of the summons and complaint by United States Postal Service express mail. On March 16, 2007, Athar personally signed for the mail. Athar has subsequently failed to appear. Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default. See Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998). When applying for an entry of default, plaintiff bears the burden of showing that defendant has been properly served, Evertson v. Topeka Assoc. for Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005), and questions whether service was proper preclude an entry of default, Dewey, 1997 WL 833300, at *3.

Rule 4(e) governs service of process on individuals. Under Rule 4(e), plaintiff may effect service upon an individual pursuant to the methods prescribed by applicable state law, by personal delivery, delivery to the individual's dwelling house or usual place of abode, or delivery to the individual's authorized agent. Fed. R. Civ. P. 4(e)(1)-(2). Kansas law permits service on an out-of-state individual by return receipt delivery, which includes "certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery." K.S.A. § 60-308(d)(1). Such service must be addressed to the individual at his or her dwelling place or usual place of abode, or to his or her

authorized agent. K.S.A. § 60-308(d)(2) (referencing K.S.A. § 60-304).

Here, the Court finds that service by United States Postal Service express mail, which includes a verification of delivery, is sufficiently reliable to satisfy Section 60-308(d)(1). Specifically, the verification of delivery provided by the Postal Service reflects delivery to Athar personally on March 16, 2007, at 20-37 46th Street, Astoria, NY 11105. See Post Office Verification, attached as Exhibit 2 to Summons (Doc. #15-4). In addition, the record indicates that the Postal Service delivered the mail to Athar's dwelling place in compliance with Section 60-308(d)(2). See Complaint (Doc. #1) filed March 14, 2007 ¶ 5-6 (identifying Athar and another defendant, Tara Khanal, as husband and wife residing at 20-37 46th Street, Astoria, NY 11105). Under these circumstances, the Court finds plaintiffs' service on Athar sufficient to permit entry of default. Because Athar has failed to appear in this action, and has not contested service or opposed plaintiffs' motion for entry of default, the Court finds that entry of default against Athar is appropriate.

### B. Winzone Realty, Inc.

The record indicates that on March 19, 2007, plaintiffs mailed a copy of the summons and complaint to Winzone by certified mail, and that it filed a motion to dismiss on May 14, 2007. Under Rule 12(a)(1)(A), Fed. R. Civ. P., defendant must answer within 20 days of service. In lieu of an answer, defendant may file a motion to dismiss within 20 days of service. Schroeder v. Kochanowski, 311 F. Supp.2d 1241, 1261 (D. Kan. 2004). Here, Winzone's motion to dismiss was not filed within 20 days of plaintiffs' attempted service. In response to the motion for entry of default, however, Winzone argues that it did not receive proper service of process, and that defective service precludes an entry of default.

As noted above, sufficient service is a prerequisite to entry of default, and plaintiffs bear the burden of demonstrating such service. Rule 4(h) governs service of process upon corporations. Under

Rule 4(h), plaintiff may effect service upon a corporation pursuant to the methods prescribed by applicable state law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Civ. P. 4(h)(1). With regard to applicable state law, plaintiffs may comply with either the law of the state in which the Court is located (Kansas) or the state in which service was effected (New York). See id. (referencing Fed. R. Civ. P. 4(e)(1)). In addition to the methods described in Rule 4(h)(1), Kansas law permits service upon a foreign corporation through its resident agent or – where no resident agent has been appointed – through the secretary of state. K.S.A. § 60-304(f). Under New York law, service upon a corporation may be made to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. 311, or through the corporation's registered agent or the secretary of state, N.Y. Bus. Corp. § 306(a)-(b).

Winzone argues that plaintiffs did not serve any authorized agent or the secretary of state as required by service of process rules. Plaintiffs' motion simply states that "[o]n March 19, 2007 Winzone Realty Inc. . . . personally signed for USPS certified mail delivery . . . which included a Summons and Complaint in this action." Motion For Default (Doc. #51) at 1. This statement is generally verified by the affidavit of plaintiff Kearns, which states that "all of the allegations in the Default Judgment . . . are true." Affidavit Of Darren K. Kearns, attached as Exhibit 1 to Motion For Default (Doc. #51), ¶ 3. The motion and supporting affidavit, however, do not identify the individual who received the summons and complaint. Therefore the Court cannot determine whether that person was an authorized agent, officer, director, cashier or other person who might properly accept service at Winzone's office. Because plaintiffs have not met their burden to demonstrate sufficient service on Winzone in support of the

motion for entry of default, the Court overrules the motion.

**C.      Julia S.C. Wong**

The record indicates that on March 29, 2007, plaintiffs attempted to serve a copy of the summons and complaint on Wong via first class mail. Wong filed her motion to dismiss on May 14, 2007, more than 20 days after plaintiffs' attempted service. Like Winzone, Wong argues that insufficient service precludes entry of default against her.

As noted above, Rule 4(e) governs service of process on individuals and provides for service under state law, or by personal delivery, delivery to the individual's dwelling house or usual place of abode or delivery to the individual's authorized agent. Fed. R. Civ. P. 4(e)(1)-(2). In the return of service, plaintiffs represent that they effected service on Wong under K.S.A. § 60-308(e).[2] See Return Of Service attached as Exhibit 1 to Summons (Doc. #24) filed April 21, 2007. Kansas law permits service on an out-of-state individual by return receipt delivery addressed to that individual's dwelling house or usual place of abode. See K.S.A. § 60-308(d)(2) (referencing K.S.A. § 60-304). In the event that such service is returned with an endorsement showing refusal to accept delivery, service may be accomplished through simple first-class mail which if unreturned, effectuates service three days after mailing. See K.S.A. § 60-308(d)(5). Wong argues that plaintiffs did not serve her at her dwelling house or usual place of abode as required by Section 60-308(d). Plaintiffs' motion and supporting affidavit do not establish that the address to which they mailed Wong's purported service (45-72 Kissena Blvd., Flushing, NY 11355) is her dwelling house or usual place of abode. In fact, the address is identical to the address at which plaintiffs served Winzone, and the record suggests that this address is Wong's place

---

[2] Under current Section 60-308, as amended in 2006, subsection (e) has become subsection (d). 2006 Kan. Sess. Laws 154-55. Thus, Section 60-308(d) now authorizes service on out-of-state parties by return receipt delivery.

of business rather than her home.[3] Such service is not authorized under Kansas law, and plaintiffs do not identify any applicable law which might support their method of service.[4] Under these circumstances, the Court finds that plaintiffs have not met their burden to demonstrate sufficient service on Wong in support of the motion for entry of default, and it therefore overrules the motion.

## II.    Plaintiffs' Motion To Strike

Plaintiffs argue that the motion to dismiss which Winzone and Wong filed on May 14, 2007, was untimely and that the Court should strike the motion. Assuming that plaintiffs properly served Winzone and Wong, the motion to dismiss was not timely under Rule 12(a)(1)(A). As explained above, however, a party has no duty to answer or make other motions until properly served. See Peterson, 1998 WL 458555, at *4. Because plaintiffs have not shown that they properly served Winzone and Wong, the Court cannot find that plaintiffs' attempted service triggered any duty of Winzone and Wong to answer or otherwise plead. Therefore, the motion to dismiss was not necessarily untimely, and the Court overrules the motion to strike it on that ground.[5]

---

[3]    The complaint alleges that Wong is Winzone's sales agent and that Winzone's address is "45-72 Kissena Blvd., Flushing, NY 11355." See Complaint (Doc. #1) ¶ 10.

[4]    Although plaintiffs do not argue sufficiency of service under New York law, the Court has reviewed New York service of process rules to determine whether plaintiffs have satisfied such rules. Under New York law, plaintiffs may effect service by mail on an individual only if they (1) also personally deliver a copy of the summons and complaint to a person of suitable age and discretion at the individual's dwelling or place of business, N.Y. C.P.L.R. 308, or (2) include an acknowledgment of receipt of service which the individual signs and returns within 30 days, N.Y. C.P.L.R. 312a. Nothing in the record suggests that plaintiffs complied with these provisions, and the Court therefore cannot conclude that plaintiffs have effected sufficient service on Wong under New York law.

[5]    Although it finds that the motion to dismiss was not necessarily untimely, the Court notes that it is wholly unimpressed by defendants' argument that if the motion was untimely, it was "a mere 42 days" late.

Because the motion to dismiss does not raise the service of process arguments which the Court considers here, it address the motion to dismiss in a separate order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Default Judgment To The Clerk Of The Court With Memorandum In Support And Affidavit (Doc. #51), which the Court construes as a motion for entry of default, filed May 31, 2007 be and hereby is **SUSTAINED IN PART**. The Clerk of the Court is hereby directed to enter defendant Abu B. Athar's default in this action. The motion is otherwise overruled.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion To Strike Defendants' Motion To Dismiss With Memorandum In Support/Response (Doc. #52) filed June 1, 2007 be and hereby is **OVERRULED**.

Dated this 1st day of August, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge