# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVE SHELDON, et al., )
)
        Plaintiffs, )
) CIVIL ACTION
v. )
) No. 07-2112-KHV
TARA KHANAL, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Dave Sheldon and Darren Kearns bring suit against Tara Khanal, David Melo, the law firm of David J. Melo, Esq., Shams Uddin, Network Mortgage, Inc., Rosemarie Klie and the law firm of Sweeney, Gallo, Reich & Bolz, LLP (collectively the "Khanal Affiliates"); New York Community Bank, James Cantanno and the law firm of Forchelli, Curto, Schwartz, Mineo, Carlino and Cohn, LLP (collectively the "NYCB Affiliates"); Option One Mortgage Corp. ("Option One"); and Julie Wong and Winzone Realty, Inc. (collectively the "Winzone Affiliates").[1] Under state law, plaintiffs allege that the various defendants committed breach of contract (Count I); bad faith performance of a real estate transaction (Count II); breach of fiduciary duty (Count III); negligent and intentional abuse of process (Counts IV and V); negligent and intentional slander of title (Counts VI and VII); common law negligence (Count VIII); negligent misrepresentation (Count IX); fraud by misrepresentation (Count X); fraud by silence (Count XI); common law conspiracy (Count XII); and tortious interference with business relationships and economic prospects (Counts XIII and XIV).

---

[1] The Clerk of the Court previously entered default against Abu Athar. See Entry Of Default (Doc. #66) filed August 1, 2007.

The Court previously entertained defendants' motions to dismiss and set forth the factual background of the case – taken from the complaint and the record evidence which the parties submitted – in its written order on those motions. See Memorandum And Order And Order To Show Cause (Doc. #78) filed November 29, 2007. The Court will repeat those facts only as necessary.

In its order on defendant's motions to dismiss, the Court dismissed Melo, the law firm of David J. Melo, Esq., Uddin, Network Mortgage, Inc., the NYCB Affiliates and Option One. The Court further ordered plaintiffs to show good cause why it should not dismiss for lack of subject matter jurisdiction their claims against Khanal, Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, and the Winzone Affiliates. This matter comes before the Court on the Response To Order To Show Cause [Doc. 78] Motion For Reconsideration And Motion For Leave To Amend Complaint And Leave To Serve The First Amended Complaint On Counsel (Doc. #81) which plaintiffs filed December 12, 2007, the Motion To Dismiss Complaint, Or In The Alternative, For Summary Judgment (Doc. #33) which the Khanal Affiliates filed April 24, 2007,[2] the Motion To Strike Or, In The Alternative Reply In Support [Of] Plaintiffs' Motion For Reconsideration/Relief From Judgment Or Order And Leave To Amend With Memorandum In Support And Response To Motion For Costs And Fees (Doc. #85) which plaintiffs filed January 5, 2008, and Defendant's Motion To Strike Plaintiff's Reply With Supporting Memorandum (Doc. #87) which Option One filed January 22, 2008. For reasons stated below, the Court grants plaintiffs leave to file their first amended complaint, finds good cause why plaintiffs' claims against Khanal, Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, and the Winzone Affiliates should not be dismissed for lack of subject matter

---

[2] The Court reserved ruling on the motion to dismiss pending resolution of the show cause order. See Memorandum And Order And Order To Show Cause (Doc. #78) at 29.

jurisdiction, overrules as moot the Khanal Affiliates' motion to dismiss, and overrules the motions to strike.

**I.      Motion For Reconsideration**

The Court previously dismissed plaintiffs' claims against David Melo, the law firm of David J. Melo, Esq., Shams Uddin, Network Mortgage, Inc., the NYCB Affiliates and Option One. Plaintiffs seek reconsideration of those dismissals. Under D. Kan. Rule 7.3(b), "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."

Here, plaintiffs do not clearly articulate any basis for reconsideration. Their motion serves as a motion for reconsideration, a motion for leave to amend and a response to the Court's show cause order, but plaintiffs have not made any effort to distinguish their arguments along these procedural lines. Plaintiffs dedicate the bulk of the motion to the sufficiency of the proposed amended complaint without specifically raising any ground for reconsideration. Without a coherent argument in support of reconsideration, the Court will not reconsider its previous order. The Court therefore overrules plaintiffs' motion to reconsider the dismissal of their claims against Melo, the law firm of David J. Melo, Esq., Uddin, Network Mortgage, Inc., the NYCB Affiliates and Option One.

**II.     Motion For Leave To Amend**

Plaintiffs seek leave to amend their complaint to cure the defects which the Court identified in its previous order. Rule 15(a)(2), Fed. R. Civ. P., provides that the Court should freely give leave to amend when justice so requires. The Court may refuse leave to amend in cases of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Dopp v. Loring, 245 Fed. Appx. 842,

850 (10th Cir. 2007) (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). The NYCB Affiliates and Option One object to the amendment, but it is otherwise unopposed.

### A. The NYCB Affiliates

The Court previously dismissed plaintiffs' claims against the NYCB Affiliates for lack of personal jurisdiction. The NYCB Affiliates argue that because the Court overruled plaintiffs' motion for reconsideration, it should also deny plaintiffs' request for leave to amend the complaint as it relates to them.[3] The NYCB Affiliates do not explain, however, why the motion for leave to amend is dependent on the motion for reconsideration. The NYCB Affiliates do not argue the sufficiency of the proposed amendment or otherwise suggest that the Court should deny leave to amend under the factors identified above. Accordingly, the NYCB Affiliates' objection is without merit.

### B. Option One

The Court previously dismissed plaintiffs' claims against Option One for improper venue. Specifically, the Court found that plaintiffs could not show that Option One had engaged in any substantial acts within Kansas in the course of events giving rise to this case. See 28 U.S.C. § 1391(a)(2) (venue proper in district where substantial part of events or omissions giving rise to claim occurred). Option One argues that the Court should deny plaintiffs' request for leave to amend the complaint as it relates to them because the proposed amendment would not cure the venue defect.

---

[3] Plaintiffs request that the Court strike this response as untimely. The record reflects that the NYCB Affiliates filed their response two days out of time without seeking leave to do so. See D. Kan. Rule 6.1(d)(1) (response to nondispositive motion shall be filed within 14 days). The Court maintains discretion in striking a responsive document as untimely. See Curran v. AMI Fireplace Co., 163 Fed. Appx. 714, 718 (10th Cir. 2006) (reviewing decision to strike untimely response for abuse of discretion). Although the Court discourages such tardiness, it notes that these arguments will not materially change the resolution of plaintiffs' motion, and the Court therefore briefly considers the arguments. Plaintiffs' motion to strike is overruled.

-4-

Because defendant and the Court should not be tasked with responding to futile amendments, the Court may deny leave to amend if the proposed amendment "fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." Hafen v. Carter, 248 Fed. Appx. 43, 46 (10th Cir. 2007).

Plaintiffs argue that the amended complaint sufficiently alleges personal jurisdiction over Option One so that venue is appropriate in Kansas.[4] In federal actions premised solely on diversity jurisdiction, venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[4] Under Rule 12(f), Fed. R. Civ. P., Option One requests that the Court strike plaintiffs' reply as improperly containing new arguments. Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because Option One does not identify which arguments in plaintiffs' reply are new, however, its motion to strike is not well taken. In any event, plaintiffs' reply is not a "pleading" which the Court may strike under Rule 12(f). See Fed. R. Civ. P. 7(a) (listing documents considered pleadings); Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. 201, 204 (D.N.M. 2005) (reply to response to motion for summary judgment not pleading as defined in Rule 7(a) which may be stricken under Rule 12(f)). The Court therefore overrules the motion to strike.

Assuming that plaintiffs' reply raises new arguments, the proper course of action for the nonmoving party to respond to such arguments is to seek leave to file a surreply. Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006). Under D. Kan. Rule 15.1, "a motion for leave to file a . . . document that may not be filed as a matter of right shall set forth a concise statement of the . . . leave sought to be allowed with the proposed [document] attached." Here, in the alternative to its motion to strike, Option One seeks leave to file a surreply. It does not attach to its motion, however, the proposed surreply. Because Option One has not complied with the local rule, the Court is unable to determine the appropriateness of a surreply and the alternative motion for leave to file a surreply is therefore overruled.

-5-

28 U.S.C. § 1391(a).[5] Normally, satisfying the requirements of personal jurisdiction is enough to satisfy the requirements of venue. Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc., 434 F. Supp.2d 1051, 1060 (D. Kan. 2006).

Specific personal jurisdiction arises out of defendants' purposeful direction of activities toward the forum state where the underlying action is related those contacts. See Trujillo v. Williams, 465 F.3d 1210, 1218 (10th Cir. 2006). With regard to specific personal jurisdiction, the amended complaint alleges that Option One conspired with the Khanal Affiliates to issue a fraudulent loan denial which aided Khanal in wrongfully canceling the real estate contract and in filing suit to recover her down payment. Where plaintiffs allege facts which support a prima facie conspiracy claim, the "acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction." Melea, Ltd. v. Jawer SA, --- F.3d ----, 2007 WL 4510263, at *7 (10th Cir. Dec. 26, 2007). Option One does not challenge the sufficiency of plaintiffs' conspiracy allegations – with or without regard to personal jurisdiction. Assuming that the conspiracy allegations are sufficient to impute the co-conspirator's acts within the forum to Option One, the Court could infer that a substantial part of the events giving rise to plaintiffs' claims against Option One occurred in Kansas. The Court therefore cannot find that the amended complaint does not cure the venue deficiency which it had previously identified.

---

[5] Plaintiffs argue that venue is proper as to Option One under Section 1391(c), which provides that "[f]or purposes of venue . . . a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Section 1391(c) is purely definitional, however, and does not independently support venue. See Wedelstedt v. Law Offices of Goldstein, Goldstein & Hilley, No. CIVA05CV01820PSFMJW, 2006 WL 241136, at *4 (D. Colo. Jan. 31, 2006). In general, the amended complaint alleges that venue is proper under Section 1391(a) because a "substantial part of the events of omissions giving rise to this claims occurred in Kansas." The Court therefore construes plaintiffs' arguments under that provision.

Because defendants have not demonstrated undue delay, undue prejudice, bad faith, failure to cure deficiencies by amendments previously allowed or futility of amendment, the Court sustains plaintiffs' motion for leave to amend the complaint.[6] Plaintiffs shall file and serve their first amended complaint no later than **February 29, 2008**.

### III. Response To Show Cause Order

The Court ordered plaintiffs to show cause why it should not dismiss for lack of subject matter jurisdiction their claims against Khanal, Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, and the Winzone Affiliates. Specifically, the Court found that the complaint did not appear to state any claims against these parties which would exceed the jurisdictional amount in controversy of $75,000. See 28 U.S.C. § 1332(a). Plaintiffs respond that the amended complaint alleges facts sufficient to support diversity jurisdiction over these parties. In this regard, the amended complaint alleges damages exceeding $75,000 on each separate claim. When pleaded in good faith, the damages which plaintiffs allege control the amount in controversy. Klocek v. Gateway, Inc., 104 F. Supp.2d 1332, 1342 (D. Kan. 2000) (citing F & S Constr. Co. v. Jensen, 337 F.2d 160, 162 (10th Cir. 1962)). Defendants do not suggest that plaintiffs allege the amount in controversy in bad faith, and the Court is therefore satisfied that at this point, it should not dismiss for lack of subject matter jurisdiction plaintiffs' claims against Khanal, Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, and the Winzone Affiliates.

**IT IS THEREFORE ORDERED** that plaintiffs' Response To Order To Show Cause [Doc. 78] Motion For Reconsideration And Motion For Leave To Amend Complaint And Leave To

---

[6] As noted above, the Court previously reserved ruling on the Khanal Affiliates' motion to dismiss pending resolution of the show cause order. In light of the amended complaint, the Court overrules the motion to dismiss as moot.

Serve The First Amended Complaint On Counsel (Doc. #81) filed December 12, 2007 be and hereby is **SUSTAINED in part**. The Court grants plaintiffs leave to file and serve their first amended complaint no later than **February 29, 2008**. The Court finds that plaintiffs have shown good cause why the Court should not dismiss for lack of subject matter jurisdiction their claims against Khanal, Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, and the Winzone Affiliates. The motion is otherwise overruled.

**IT IS FURTHER ORDERED** that the Khanal Affiliates' Motion To Dismiss Complaint, Or In The Alternative, For Summary Judgment (Doc. #33) filed April 24, 2007 be and hereby is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion To Strike Or, In The Alternative Reply In Support [Of] Plaintiffs' Motion For Reconsideration/Relief From Judgment Or Order And Leave To Amend With Memorandum In Support And Response To Motion For Costs And Fees (Doc. #85) filed January 5, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's Reply With Supporting Memorandum (Doc. #87) filed January 22, 2008 be and hereby is **OVERRULED**.

Dated this 19th day of February, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge