# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVE SHELDON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TARA KHANAL, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>No. 07-2112-KHV |

## ORDER AND ORDER TO SHOW CAUSE

Dave Sheldon and Darren Kearns bring suit against Tara Khanal, David Melo, the law firm of David J. Melo, Esq., Shams Uddin, Network Mortgage, Inc., Rosemarie Klie, the law firm of Sweeney, Gallo, Reich & Bolz, LLP, New York Community Bank ("NYCB"), James Cantanno, the law firm of Forchelli, Curto, Schwartz, Mineo, Carlino and Cohn, LLP ("Forchelli"), Option One Mortgage Corp., Julie Wong and Winzone Realty, Inc.[1] Plaintiffs allege various state law claims. On June 27, 2008, the Court dismissed NYCB, Cantanno and Forchelli for lack of personal jurisdiction. See Memorandum And Order (Doc. #165). This matter comes before the Court on plaintiffs' Motion For Reconsideration Of Dismissal Of NYCB And Affiliates [Doc. 165] And Motion For Leave To Serve Discovery Or In The Alternative Transfer To The W.D. Of Missouri Or E.D. Of New York In Brooklyn With Memorandum In Support (Doc. #166) filed July 11, 2008.

D. Kan. Rule 7.3(b) provides that "[m]otions seeking reconsideration of non-dispositive orders shall be filed within ten days . . . [and] shall be based on (1) an intervening change in controlling law,

---

[1] The Clerk of the Court previously entered default against Abu Athar. See Entry Of Default (Doc. #66) filed August 1, 2007.

(2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." To the extent that plaintiffs seek reconsideration of the Court's previous order, their motion is untimely and does not demonstrate any basis for such relief. By implication, plaintiffs' request for additional discovery on the issue of personal jurisdiction is moot.

In the alternative, plaintiffs ask the Court to transfer the case to the Western District of Missouri or the Eastern District of New York. In general, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." Where the Court finds that it lacks jurisdiction, 28 U.S.C. § 1631 provides that "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." The Court maintains discretion in applying these transfer statutes. See Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (Section 1631); Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1121 (10th Cir. 2003) (Section 1404(a)).

The scope of plaintiffs' transfer request is unclear. In support of the request, plaintiffs cite Section 1631, which suggests that the request is limited to NYCB, Cantanno and Forchelli – the parties over which the Court has determined that it lacks personal jurisdiction. On the other hand, the request to transfer the "case" suggests that plaintiffs want the entire action transferred to another forum.

From the record, it appears that the Court should transfer the entire action to the United States District Court for the Eastern District of New York. Generally, Sections 1404(a) and 1631 require that the Court transfer the entire action; those statutes do not permit the Court to transfer individual claims. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1518 (10th Cir. 1991) (Section 1404(a) only authorizes transfer of entire action, not individual claims); see also Fed. Deposit Ins. Corp. v. McGlamery, 74 F.3d 218, 222 (10th Cir. 1996) (logically, same rule applies to transfer under Section

1631). Moreover, the interests of justice apparently favor the transfer of the entire case to the Eastern District of New York.

Clearly, plaintiffs could have originally filed this action in the Eastern District of New York. See 28 U.S.C. § 1391(a) (establishing bases for venue in diversity actions). For purposes of Section 1631, NYCB, Cantanno and Forchelli do not dispute that transfer to the Eastern District of New York would cure the personal jurisdiction defects which the Court has previously identified. With regard to the remaining defendants, Section 1404(a) acts as a "federal housekeeping measure" which allows the Court to make an individualized determination of convenience and fairness on the facts of the case. Chrysler Credit Corp., 928 F.2d at 1515-16. In deciding whether to transfer, the Court considers (1) plaintiffs' choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical. See id. at 1516 (citing Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).

Many of these factors favor the Eastern District of New York. Without question, the vast majority of witnesses are located in New York, outside this Court's subpoena power. Much of the documentary evidence – especially that of the New York companies – is presumably located in New York. Any judgment which plaintiffs obtain will likely be enforced in New York. To the extent that this case involves questions of New York law, New York courts are best equipped to consider those questions. Weighing against these factors is plaintiffs' choice of forum. Although the Court affords some deference to plaintiffs' choice of forum, that factor is not determinative and its import is

-3-

diminished in this case by plaintiffs' willingness to transfer at least part of the case to another forum. Overall, considerations of convenience and fairness favor the transfer of this case to the Eastern District of New York.

Therefore, no later than **August 15, 2008**, plaintiffs shall show good cause in writing why the Court should not transfer this entire action to the Eastern District of New York under Sections 1404(a) and 1631.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Reconsideration Of Dismissal Of NYCB And Affiliates [Doc. 165] And Motion For Leave To Serve Discovery Or In The Alternative Transfer To The W.D. Of Missouri Or E.D. Of New York In Brooklyn With Memorandum In Support</u> (Doc. #166) filed July 11, 2008 be and hereby is **OVERRULED in part.** To the extent that plaintiffs seek reconsideration of the Court's previous order and additional discovery on the issue of personal jurisdiction, the motion is overruled. The court reserves ruling on plaintiffs' request to transfer.

**IT IS FURTHER ORDERED THAT plaintiffs shall show good cause in writing on or before August 15, 2008, why the Court should not transfer this entire action to the United States District Court for the Eastern District of New York under Sections 1404(a) and 1631.**

Dated this 1st day of August, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge